PER CURIAM.
Defendant-taxpayer First Mountain Associates appeals from a judgment of the Tax Court fixing the initial assessment of its new three-story office building at $608,200. This judgment reinstated the original assessment made by plaintiff’s assessor, which had been reduced by $100,000 by the county board of taxation.
The general method employed by the tax court judge in arriving at true value was to employ the capitalization of income approach and then to compare that result with the true value figures produced, respectively, by the comparable sales approach and the cost approach. He determined that the income capitalization method resulted in a tentative true value of $1,016,600, that the comparable sales approach supported a true value of $1,200,000 and that the cost approach supported a true value in excess of $1,300,000. Because of this disparity, he concluded that the income capitalization method alone should not be relied on and, taking into account the values produced by the other methods, fixed a true value at $1,100,000. The actual assessment resulted from the application to that true value of the common level percentage. Defendant conceded that the record supported the judge’s assignment of value produced by the income capitalization method. Its claim is that as a matter of methodology and evidential principle, the trial judge erred in adjusting that figure upwards based on the other two valuation methods.
We have reviewed the record herein, and we are satisfied that the judge’s approach in considering comparable sales and cost of the improvement was entirely correct and unexceptionable. See New Brunswick v. Division of Tax Appeals, 39 N.J. 537, 189 A.2d 702 (1963). Since we are persuaded that the *434 findings of fact on which the judge relied in reaching his true value determination were supported by the evidence, we affirm substantially for the reasons and based on the analysis stated in Judge Hopkins’ letter decision dated November 16, 1983. We thus reject as without merit defendant’s contentions that the judgment was against the weight of the evidence and the findings of fact and conclusions based on the record were deficient. See R. 2:ll-3(e)(l)(A) and (E).
With respect to defendant’s specific evidential complaints, we conclude that the judge properly took judicial notice of the effective tax rates of two other municipalities in which alleged comparable sales had taken place. That information was taken from the county equalization table produced in accordance with N.J.S.A. 54:3-17. The table is required by that statute to be posted at the county courthouse, is published in the New Jersey Lawyers Diary and Manual, and is readily available from various official sources. It is evident, therefore, that it qualified for judicial noticing pursuant to Evid.R. 9(2).
With respect to the facts underlying the judge’s application of the cost approach, defendant challenges, as evidentially unsupported, the judge’s finding that its “construction contracts which were filed with the Township listed construction costs of $1,100,000.” It is true, as defendant asserts, that the filed construction contracts themselves were never offered in evidence. Nevertheless, the taxpayer’s expert testified on cross-examination that he “did review the records of the owner, ... the note on the property record card as to the amount filed under the building permit” and that he was “familiar with those numbers.” He further testified that the notation on the property record card was $1.1 million. His recollection as to the amount shown on the property record card was refreshed by being shown a photostatic copy of it which had been marked for identification. Defendant objected to this line of questioning on the ground that it was not fair for the witness to be asked a *435 question “based upon the work product of someone employed by the Township.” The judge in overruling the objection explained that,
... the question was asked of Mr. Goldberg and he has testified that he reviewed all the records and I got the impression they included construction cost records and on there would be the best indicator of what the cost of construction of this building was.
There is already in the evidence the fact that the—public record of the taxing district of West Orange shows that the construction cost of the building is 1,100,000.
Although neither the filed construction contracts nor the property record card itself were admitted into evidence, both would have been admissible as business records pursuant to Evid.R. 63(13) and each would have constituted the best evidence of their contents. See Evid.R. 70. We are nevertheless persuaded that the testimony respecting the notation did not constitute reversible error. The proper evidential objections to the testimony were not made. Defendant did not then and does not now challenge the accuracy of the testimony. Moreover, the testimony itself was not critical to the issue of actual cost, the tax court judge having made it plain that on that question he was relying primarily on the testimony of plaintiff’s expert.
Finally, we note that although the parties themselves do not so assert, Evid.R. 56(2) provides that an expert witness may base an opinion or inference on facts or data not themselves admissible in evidence provided they are of “a type reasonably relied upon by experts in the particular field in forming opinions or inferences.” It may well be that valuation experts in real property tax matters do customarily review, take into account, and at least to some extent rely on information contained in the property record card. Thus, the expert’s testimony here respecting the cost notation which had been supplied by defendant itself did not necessarily constitute inadmissible hearsay. In any event, the admission of the evidence did not prejudice defendant.
Affirmed.